**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASEY WHEELER,**

**Plaintiff,**                                        Case No.:

**v.**

**CONTINUUM SERVICES, LLC.,**
**a foreign limited liability company,**
**and REDICO, LLC, a foreign limited**
**liability company,**

**Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CASEY WHEELER (hereinafter referred as "WHEELER" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants CONTINUUM SERVICES, LLC and REDICO, LLC (hereinafter referred as "Defendants"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendants violated the FMLA by interfering and

retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. Plaintiff is an adult individual who resides in Wesley Chapel, Pasco County, Florida.

2. At all times material hereto, Plaintiff worked for Defendants in Tampa, Hillsborough County, Florida

3. Defendant Continuum Services, LLC ("CONTINUUM") is a commercial landscaping, lawn maintenance, facility management, and HVAC servicing company that provides services across Central Florida.

4. Defendant Continuum Services, LLC is and was, at all relevant times, a Foreign Limited Liability Company, operating in Hillsborough County, Florida and is within the jurisdiction of this Court and this District.

5. Defendant Redico, LLC ("Redico") is and was, at all relevant times, a Foreign Limited Liability Company, operating in Hillsborough County, Florida and is within the jurisdiction of this Court and this District and is the parent company of Continuum.

6. At all times material, Defendants Continuum and Redico were Plaintiff's joint employers and/or operated as a single integrated enterprise,

sharing common management, interrelated operations, centralized control of labor relations, and common ownership.

7.  At all times material, Defendants jointly exercised control over Plaintiff's employment, including but not limited to hiring, supervision, discipline, leave administration, and termination decisions.

8.  Specifically, Defendants, through their management and human resources personnel, participated in and/or made the decision to terminate Plaintiff's employment.

9.  Defendants employed more than fifty (50) employees.

10.  Defendants employed more than fifty (50) employees within 75 miles of its Tampa, Florida location.

11.  Plaintiff is an "employee" as defined by the FMLA.

12.  Defendants are an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

13.  The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

14.  This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

15.  Plaintiff worked for Defendants in Hillsborough County, Florida.

16.   Defendants conduct business in Hillsborough County, Florida.

17.   Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

18.   Plaintiff was hired by Defendants, in or about January 2020, in Farmington Hills, Michigan.

19.   Plaintiff was employed as a Maintenance Technician and worked for Defendants for more than five years.

20.   During his employment, Plaintiff consistently demonstrated exemplary performance and was regarded as an outstanding employee.

21.   As a result of his performance, Defendants promoted Plaintiff to the position of Maintenance Director.

22.   The promotion required Plaintiff to relocate from Michigan to Florida.

23.   In reliance on Defendants' representations and the promotion, Plaintiff uprooted his entire family and moved to Zephyrhills, Florida around December of 2024.

24.   Upon commencing work at the Zephyrhills Florida facility, Plaintiff reported to Roger Goff, a Senior Executive for Defendants.

25.   In his role as Maintenance Director, Plaintiff's primary duties included overseeing building maintenance operations, managing a team of two

employees, performing plumbing and other hands-on maintenance tasks, and ensuring overall operational efficiency.

26.    On or about March 24, 2025, Plaintiff was involved in a serious, non-work-related motor vehicle accident.

27.    As a result of the accident, Plaintiff suffered severe injuries, including the removal of his spleen (splenectomy) and a broken collarbone.

28.    Plaintiff's injuries were so severe that Plaintiff had to be placed in a coma for approximately thirty-six (36) hours.

29.    Plaintiff was actually hospitalized fo two weeks.

30.    Following his discharge from the hospital, his physician recommended a recovery period of eight (8) to twelve (12) weeks.

31.    Plaintiff timely and properly submitted all required documentation to obtain leave under the Family and Medical Leave Act ("FMLA").

32.    On or about June 16, 2025, Plaintiff's physician released him to return to work but with some medical restrictions.

33.    Defendants' Human Resources department initially informed Plaintiff that light-duty or desk work could be accommodated.

34.    Defendant later reversed this position and stated that no such accommodation would be provided.

35.     Plaintiff found Defendants' position on light duty curious as Defendants had accommodated others with light duty in the past.

36.     Human Resources assured Plaintiff that Defendant would contact its third-party FMLA administrator, BBP Admin, to request an extension of Plaintiff's FMLA leave.

37.     Due to Defendants' failure to act, Plaintiff's FMLA case was prematurely closed without Plaintiff's knowledge or notification.

38.     During this period, Plaintiff submitted multiple complaints to Human Resources regarding Defendants' handling of his FMLA matter.

39.     Defendant later admitted that ending Plaintiff's FMLA leave prematurely was a mistake.

40.     Defendant then provided Plaintiff with paperwork related to the Americans with Disabilities Act.

41.     However, Plaintiff was not allowed to complete the ADA medical certification because he was summarily terminated on Hube 29, 2025, by Jeff Nesgota, Director of Human Resources.

42.     The reason given for Plaintiff's termination was the alleged expiration of Plaintiff's FMLA leave.

43.     Accordingly, the Defendants' actions and comments are *direct* evidence of bias against Plaintiff for utilizing his FMLA rights.

44. Defendants' actions interfered with Plaintiff's rights under the FMLA.

45. Defendants retaliated against Plaintiff for engaging in his rights under the FMLA.

## COUNT I - INTERFERENCE UNDER THE FMLA

46. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 45 above as if fully set forth herein.

47. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

48. Defendants were Plaintiff's employer as defined by the FMLA.

49. Defendants' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

50. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

51. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

52. Defendants' violations of the FMLA were willful.

53.    Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment in his favor and against Defendants for their interference with his rights under the FMLA;

b.    judgment in his favor and against Defendants for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in his favor and against Defendants for his reasonable attorneys' fees and litigation expenses;

d.    judgment in his favor and against Defendants for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that Defendants' practices toward Plaintiff violate his rights under the FMLA; and

f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

54.    Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 45 above as if fully set forth herein.

55. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

56. Defendants were Plaintiff's employer as defined by the FMLA.

57. Defendants discriminated and/or retaliated against Plaintiff because SUWANNEE knew he was eligible for leave under the FMLA.

58. Defendants discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA.

59. Defendants had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

60. Defendants' acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

61. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

62. Defendants' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

63. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

64. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

65. Defendants' violations of the FMLA were willful.

66. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in his favor and against Defendants for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in his favor and against Defendants for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against Defendants for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendants' practices toward Plaintiff violate his rights under the FMLA; and

      f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 23rd day of April, 2026.

Respectfully submitted,

***s/ J.P. Numa***
J.P. Numa, Esquire - LEAD COUNSEL
FBN: 1015371
Email: jpnuma@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
1560 N. Orange Ave.
Winter Park, FL, 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

*Attorneys for Plaintiff*